USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________No. 97-2425  JOSE A. MATOS-ARROYO, Plaintiff, Appellant, v. EMILIO DIAZ-COLON, ETC., ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, Senior U.S. District Judge] ____________________ Before Torruella, Chief Judge, Selya and Stahl, Circuit Judges. ____________________ Raul S. Mariani Franco and Harry Anduze Montano on brief forappellant. Carlos Lugo-Fiol, Solicitor General, Roxanna Badillo-Rodriguez,Assistant Solicitor General, and Edda Serrano-Blasini, Deputy SolicitorGeneral, on brief for appellees. ____________________April 24, 1998  ____________________ Per Curiam. Jose A. Matos-Arroyo appeals from the district court's dismissal under Fed. R. Civ. P. 12(b)(6), of his complaint challenging his separation from the Puerto Rico National Guard. We affirm, although on different grounds than those relied upon by the district court. "In the Rule 12(b)(6) milieu, an appellate court operates under the same constraints that bind the district court, that is, we may affirm a dismissal for failure to state a claim only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory. Conley v Gibson, 355 U.S. 41, 45-48, 78 S.Ct. 99, 101-03, 2 L.Ed.2d 80 (1957); [The] Dartmouth Review [v. Dartmouth College], 889 F.2d [13,] 16 [(1st Cir. 1989)]. In making that critical determination, we accept plaintiff's well-pleaded factual averments and indulge every reasonable inference hospitable to his case. Gooley, 851 F.2d at 514." Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990). "In conducting this tamisage, we are not wedded to the district court's rationale, but remain free to affirm the judgment below on any independently sufficient ground made manifest by the record." Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 204 (1st Cir. 1994). 1. Claims for Monetary Relief Matos-Arroyo seeks damages for harm resulting from defendants' discharge of him in violation of his procedural due process rights under the United States Constitution. Those claims are non-justiciable as the alleged injuries "'arise out of or are in the course of activity incident to service.'" Wright v. Park, 5 F.3d 586, 590 (1st Cir. 1993). Because we have determined that the claims for damages are non- justiciable, we need not decide whether the district court erred in ruling that the Eleventh Amendment barred those claims. 2. Claims for Injunctive Relief in the Form of Reinstatement Matos-Arroyo also seeks relief in the form of reinstatement to his military and civilian positions. We need not decide whether the "bright line rule" adopted in Wright v. Park, 5 F.3d 586, 590 (1st Cir. 1993), applies to claims for injunctive relief in the form of reinstatement. In Penagaricano v. Llenza, 747 F.2d 55, 59 (1st Cir. 1984), this court applied an analysis first stated by the Fifth Circuit in Mindes v. Seaman, 453 F.2d 197 (5th Cir. 1971), and found plaintiff's claims, including a claim for reinstatement in the National Guard, to be non-justiciable. Even if we were to apply the Mindes factors to the facts of this case, we would conclude, for essentially the same reasons given in Penagaricano, that the Mindes factors weigh in favor of finding that Matos-Arroyo's claims for injunctive relief are not justiciable. See Penagaricano, 747 F.2d at 62 (noting that plaintiff's procedural due process claim was "insubstantial" because plaintiff lacked "a constitutionally protected property interest in continued employment with the Guard"). As this court has recently stated, [t]he courts have long been reluctant to interfere with internal military decisionmaking, including personnel decisions. With only rare exceptions, the courts have taken the view that assignments within the military structure are matters to be decided by the military and not be the courts. The reasons are too obvious to need elaboration.  Tirado-Acosta v. Puerto Rico National Guard, 118 F.3d 852, 855 (1st Cir. 1997). The district court's Opinion and Order dated November 14, 1997, is summarily affirmed. See Loc. R. 27.1.